AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Jerry Alexander FRYE<br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)   Case No.  2:21-mj-547<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 3, 2020 _____ in the county of _____ Franklin _____ in the
_____ Southern _____ District of _____ Ohio _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule I controlled substance |

This criminal complaint is based on these facts:

See attached Affidavit

Continued on the attached sheet.

_____
*Complainant's signature*

DEA TFO Brian Daron
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    8-19-21

_____
*Judge's signature*

City and state:      Columbus, Ohio

U.S. Magistrate Judge Chelsey M. Vascura
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brian Daron, (hereinafter referred to as the Affiant) being duly sworn, depose and state:

1. Your Affiant is a sworn Task Force Officer with the United States Drug Enforcement Administration (DEA), Columbus District Office. Your Affiant is an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, in that your Affiant is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. Prior to being assigned to the DEA Task Force, Your Affiant has been a Task Force Officer with DEA since November of 2016. Your Affiant is currently assigned to the Columbus District Office, where your Affiant has been involved with narcotics investigations. Your Affiant is also a sworn police officer with the Upper Arlington Police Department (UAPD) (Ohio) and has been so for the last 19 years. For the last 6 years your Affiant has been assigned as a detective for UAPD.

3. Your affiant has participated in and conducted numerous investigations of violations of various state and federal criminal laws, including the unlawful possession with intent to distribute controlled substances, the distribution of controlled substances and conspiracy to possess with the intent to distribute and distribute controlled substances. These investigations have resulted in arrests of individuals who have possessed with the intent to distribute and distributed heroin, cocaine and other controlled substances. These various investigations have also resulted in seizures of illegal drugs and proceeds from the distribution of those illegal drugs.

4. This affidavit is being submitted in support of an application for a criminal complaint against Jerry Alexander FRYE for conspiring to possess with intent to distribute a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), all in violation of 21 U.S.C. § 846.

5. My knowledge of this investigation is based upon my own personal observations, as well as the observation and investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that Jerry FRYE has committed the above-referenced offense.

## FACTS SUPPORTING PROBABLE CAUSE

6. On August 3, 2020, a DEA Task Force Officer (UC), while working in an undercover capacity in Columbus, Ohio, contacted a known drug distributor, an individual identified

for purposes of this affidavit as "M.S.", and arranged to purchase fifteen (15) vials of liquid LSD from her for the sum of $4,125.00.

7.  On the same date, at approximately 3:37 p.m., M.S. instructed the UC to meet at the Motel 6 located at 5930 Scarborough Boulevard in Columbus, Ohio in order to complete the prearranged narcotics transaction for the fifteen (15) vials of liquid LSD. Once this request was made, members of DEA Columbus District Office (DEA CDO) maintained surveillance and followed M.S. and her boyfriend, an individual identified for purposes of this affidavit as "S.F.", to the Motel 6. Upon their arrival, members of DEA CDO observed S.F. and M.S. accessing room "248" located within the Motel 6 property.

8.  Shortly after M.S. and S.F.'s arrival at their motel room, the UC conducted an audio recorded telephone call with M.S. which eventually turned into a "FaceTime" video call. The video call was unable to be recorded but the UC was able to record the audio portion of the conversation. The following depicts, in substance, the telephone call between M.S. and the UC and is not verbatim. During the "FaceTime" video call, the UC immediately observed multiple brown bottles in a square clear plastic bag appearing to be sitting on a bed. In addition to these bottles, the UC observed a couple of similar bottles outside of the clear plastic bag on the bed. Upon making this observation, M.S. stated "look, I'm literally waiting on you." At this time, the UC informed M.S. that the UC did not want to meet at the Motel 6 to complete the transaction. M.S. eventually informed the UC that she was not going to sell the vials of LSD to the UC if the UC was declining to come to the Motel 6 to complete the transaction.

9.  Shortly after the termination of the video call and the termination of the prearranged narcotics transaction between M.S. and the UC, members of DEA CDO observed an individual, later identified as Jerry Alexander FRYE, exit room 248 with M.S. and S.F. While maintaining surveillance on FRYE, officers observed FRYE eventually enter a silver Hyundai and leave the Motel 6. Members of DEA CDO at this time established moving surveillance on FRYE and his vehicle.

10. Continuing on the same date, at approximately 5:30 p.m., Columbus Division of Police (CPD) officers, conducted a traffic stop on FRYE's vehicle on Parsons Avenue near Elsmere Street in Columbus, Ohio for a traffic violation. During the traffic stop, CPD Officer Jones and his K9 partner "Ayko" arrived on scene and conducted a free air sniff around the exterior of FRYE's vehicle. During the free air sniff, Ayko indicated a positive alert to the odor of narcotics emitting from FRYE's vehicle. Upon the alert, law enforcement conducted a probable cause search of the vehicle and located sixteen (16) brown bottles containing a liquid substance which the CPD laboratory tested positive for LSD in an amount weighing approximately 42.42 grams. Upon the discovery of the liquid LSD vials in FRYE's possession, the UC recognized the vials and clear plastic bag to appear to be the same packaging and brown vials that were revealed to the UC during the "FaceTime" video call with M.S.

11. Upon M.S. and S.F. being taken into custody, law enforcement applied for and obtained a state search warrant for Room 248 of the Motel 6. Upon the search warrant being

authorized, law enforcement conducted a search of the room and discovered items to include United States currency totaling $13,557.00, multiple drugs to include, but not limited to, approximately 10.88 grams of liquid LSD, which was contained in four brown vials located on the nightstand. These four (4) bottles look identical to the bottles seized during the traffic stop involving FRYE prior to the execution of the search warrant.

12. In the course of the investigation, M.S. consented to DEA CDO reviewing her cellular telephone and identified FRYE as the individual she was communicating with via text that day. The following messages were sent and received on August 3, 2020 between M.S. and the phone number known to be associated with and belonging to FRYE – the date of the original prearranged LSD transaction.

    a.      At approximately 3:27 p.m., Jerry FRYE sent a message to M.S. stating "We'er laying it now. 15?"

    b.      At approximately 3:47 p.m., M.S. provided FRYE with the address to Motel 6 located at 5930 Scarborough Boulevard in Columbus, Ohio.

    c.      At approximately 4:03 p.m., M.S. sent a message to FRYE stating "Otw?" (Your Affiant knows, through training and experience, the abbreviation "Otw" is commonly used to abbreviate "on the way." )

    d.      FRYE replied "Yes, address."

    e.      M.S. provided the address again to the Motel 6.

Based on your Affiant's familiarity with the case, as well as my experience and training, I believe that FRYE and M.S. are discussing the anticipated LSD deal of 15 vials. M.S. provides him the address of the meet location and FRYE indicates that he is on his way.

13. Following this message exchange, law enforcement observed an additional text conversation between M.S. and FRYE.

    a.      M.S. stated "So sorry man."

    b.      FRYE replied " Lol your fine, it's not on you."

    c.      M.S. replied: "Ya I hate people tho bc then it fucks ur stuff up \: I just hate that. U do to much for me \: it won't happen again tho 100."

Your Affiant knows, based on investigation and timing, that these messages were sent to FRYE from M.S. once FRYE was observed by members of DEA CDO leaving the Motel

6. Your affiant believes, due to the contextual totality of the conversation, M.S. was apologizing for the narcotics transaction not taking place for the fifteen vials of LSD.

14. The suspected LSD from the traffic stop involving FRYE was sent to the CPD Crime Laboratory which confirmed the substances were approximately 42.42 grams of liquid lysergic acid diethylamide (LSD).

15. Based upon this information, your Affiant believes probable cause exists that on the above date, in the Southern District of Ohio, Jerry Alexander FRYE conspired to knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), all in violation of 21 U.S.C. § 846.

Brian Daron
Task Force Officer
Drug Enforcement Administration

Sworn before me and subscribed in my presence on this ___ day of August, 2021, in Columbus, Ohio.

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE